**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 15-CR-20042-JLK**

UNITED STATES OF AMERICA

v.

LUSON COOPER and ROMAN CRISCITELLO,

Defendants.
_____________________________/

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE**

THIS CAUSE comes before the Court upon Defendant LUSON COOPER's "Response to United States' Notice of Intent to Utilize Expert Testimony" (the "Motion") (DE 45), filed May 4, 2015, which the Court construes as a motion in limine to exclude the Government's expert witness, Mr. Wayne Tillman. *See* United States' Notice of Intent to Utilize Expert Testimony, DE 34. In the Motion, Defendant seeks to exclude the opinions of the Government's expert, who will testify that "[b]ased upon his training and experience as a law enforcement officer, . . . that firearms such as handguns are common tools for street-level drug dealers," "the proximity of the loaded firearm to the defendant and to the drugs in the vehicle[] show[s] the gun was used to further narcotics trafficking," and "the 1000 BZP pills the defendant gave to his co-defendant is commonly

associated with street-level narcotics trafficking." *Id.* at 2. Upon review of the record and careful consideration, the Court finds that the Motion should be granted.[1]

The threshold consideration in all evidentiary issues is relevancy. *See* Fed. R. Ev. 402. Federal Rule of Evidence 403 permits the court to exclude otherwise relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Testimony by a witness who has been qualified as an expert is governed by Federal Rule of Evidence 702. The Eleventh Circuit has articulated a three-pronged assessment for admissibility of expert evidence. The Court must consider whether:

> (1) the expert is qualified to **testify competently** regarding the matters he intends to address; (2) the **methodology** by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony **assists the trier of fact**, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)) (emphasis added).

Federal Rule of Evidence 702(a) requires that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue..." The Federal Rules of Evidence's Advisory Committee

---

[1] While the Court has determined that the Motion should be granted on the merits, Defendant is entitled to have his Motion granted by default, in any event, based upon the Government's failure to respond. *See* S.D. Fla. L.R. 7.1(c).

Notes state that determining the appropriateness of expert testimony involves a "common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." Fed. R. Evid. 702 Advisory Committee Notes (1972 Proposed Rules).

The district courts perform a "gatekeeping" function. *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993). An expert's opinion should be based on scientific principles; the Court is not required to admit opinion evidence "that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec Co. v. Joiner*, 522 U.S. 136, 146 (1997). "The courtroom is not the place for scientific guesswork…" *Rider v. Sandoz Pharm. Corp.*, 295 F.3d 1194, 1202 (11th Cir. 2002) (quoting *Rosen v. Ciba-Geigy Corp.,* 78 F.3d 316, 319 (7th Cir.1996)).

"Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert*, 509 U.S. at 591-92. Expert testimony must have a proper "fit" with the facts of a case. *Id.* at 591. Under the helpfulness prong, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." *Frazier*, 387 F.3d at 1262.

The impropriety of Mr. Tillman's expert testimony is painfully obvious upon review of the Government's summation of his testimony. *See* DE 34 at 2. As is readily apparent, Mr. Tillman's expert opinion improperly invades the province of both the Court, as expert on the law, and the jury, as the decider of facts. There is nothing about

Mr. Tillman's opinion which concerns matters that are beyond the understanding of the average lay person, and certainly nothing which a layman would be unqualified to determine "without enlightenment from [someone] having a specialized understanding of the subject involved in the dispute." Fed. R. Evid. 702 Advisory Committee Notes (1972 Proposed Rules). Accordingly, the Court finds that Mr. Tillman's testimony would not be helpful to the trier of fact and must be excluded from the trial of this matter.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion in Limine to Exclude the Government's Expert Witness, Mr. Wayne Tillman **(DE 45)** be, and the same is, hereby **GRANTED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 17th day of June, 2015.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record